NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE BRINKMANN CORPORATION,**
*Appellant*

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**A&J MANUFACTURING, LLC, A&J MANUFACTURING, INC.,**
*Intervenors*

---

2015-1751

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-895.

---

**ON MOTION**

---

Before O'MALLEY, *Circuit Judge.*

### O R D E R

Academy, Ltd. moves for leave to intervene in support of Brinkmann Corporation. The United States International Trade Commission opposes the motion.

This appeal arises from the Commission's investigation under section 337 of the Tariff Act of 1930, as amended, as to whether, in relevant part, Brinkmann's and Academy's importation of outdoor grills infringes the patent of intervenors A&J Manufacturing, LLC and A&J Manufacturing, Inc. The Commission rejected Brinkmann's and Academy's invalidity arguments, found their articles to infringe the patent, and on February 3, 2015 issued exclusion and cease and desist orders.

Section 1337(c) of title 19 of the United States Code provides that "[a]ny person adversely affected by a final determination of the Commission . . . may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review." Availing itself of that provision, Brinkmann filed this appeal. Although also adversely affected by the Commission's determination, Academy did not appeal and instead filed the instant motion to intervene after that 60-day window had closed.

Rule 15(d) of the Federal Rules of Appellate Procedure governs this request for intervention. This court's Practice Note to Rule 15 provides that "[a] party with the right to appeal or to petition for review may not, instead of exercising that right, intervene in another appeal or petition to seek relief in its own cause." *Cf. Ill. Bell Tel. Co. v. FCC*, 740 F.2d 465, 477 (7th Cir. 1984). Contrary to this principle, Academy, which held its own right to appeal, impermissibly seeks intervention for purposes of seeking relief in its own cause.

Moreover, borrowing from the policies underlying intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure, *see Int'l Union, United Auto., Aerospace & Agr. Implement Workers, Local 283 v. Scofield*, 382 U.S. 205, 217–18 n.10 (1965), Academy's request is undermined by its concession that it "does not anticipate needing to file separate briefs from Brinkmann to address

issues in this appeal." Because Academy concedes that its interests are represented adequately by existing parties, we see no reason to grant intervention.

Accordingly,

IT IS ORDERED THAT:

The motion for leave to intervene is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s31